FRANK J. CREGG, JR., as Trustee of JULIAN S. BROWN, a Bankrupt, Respondent, v. ELECTRI-CRAFT CORPORATION and Others, Appellants, and THE MERCHANTS BANK OF SYRACUSE, Defendant.— Judgment modified by striking from paragraph sixth thereof the names and addresses of Frank L. Stimson and Robert S. Park and as modified affirmed, without costs of this appeal to any party. All concur. (The judgment is for plaintiff in an action to recover assets held in fraud of creditors.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

ARTHUR CARDOT and ADA CARDOT, Respondents, v. JAY D. BALL and GRACE BALL, Appellants.— Order reversed, with ten dollars costs and disbursements to abide the event, and motion denied, without costs. Memorandum: While we think that the provisions of section 324 of the Civil Practice Act are broad enough to authorize the Special Term to compel submission, under proper safeguards, to chemical tests of property and materials in the possession or under the control of a party to the action (*Reiss* v. *Kirkman & Son, Inc.*, 242 App. Div. 77; *Lumb* v. *Beaumont*, 27 Eng. Law Rep. 356 [Ch. Div.]), we conclude that, upon the record at hand, the court erred in making the order appealed from. In their moving papers the plaintiffs allege and claim that immediately subsequent to the installation of the defendants' septic tank and outfall lines the water in their well became contaminated and " showed the presence in said well of bacteria of the coliarogenes group and the presence of unpurified pollution. * * * That because of the topography of the land constituting the plaintiffs' and defendants' premises, there is no other possible source of the pollution of the plaintiffs' well except from the defendants' premises." Proof of these facts might be sufficient to establish a *prima facie* case. (*Easton* v. *State of New York*, 153 Misc. 395; 245 App. Div. 439; affd., 271 N. Y. 507.) If it should appear on the trial, however, that a test was necessary, the court would be in a position to entertain an application for a test, and if it granted the application, to provide safeguards for the protection of the rights of all the parties. The test as ordered might be prejudicial to the rights of the defendants. All concur, except Crosby, P. J., and McCurn, J., who dissent and vote for affirmance. (The order grants plaintiffs' motion for an inspection before trial of defendants' sewage system in an action to restrain defendants' maintenance of their sewage system.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.