JOSEPHINE SCULLY et al., Plaintiffs, *v.* FARRAGUT REFRIGERATION Co. et al., Defendants.

Supreme Court, Special Term, Queens County, April 6, 1955.

*Randazzo & Kupillas* for plaintiffs.

*Jerome Heffer* for Farragut Refrigeration Co. and others, defendants.

*Liebman, Eulau & Robinson* for Sears Roebuck and Co., defendant.

RABIN, J.  Motion by plaintiffs for a discovery and inspection of all the parts of a broken towing cable now in the possession of the defendant Farragut Refrigeration Co.

On July 9, 1952, while the plaintiff wife was on the sidewalk of a street in Queens County, she was struck with a steel chain which broke while it was being used by some of the defendants to tow an automobile.  The defendant Sears Roebuck and Co. was joined as a party defendant, when it was learned from an examination of other defendants that the cable had been purchased from Sears only about an hour before the accident.

Defendant Farragut cross-claimed against the defendant Sears, and the latter moved for a discovery and inspection of the cable with permission to make an analysis and test thereof. The motion was granted only to the extent of permitting an inspection by experts, microscopic observation and photographing of the cable, but, said the court, " no tests, chemical or otherwise, which can in any way alter the present condition of the towing cable, shall be made without the written consent of said defendant [Farragut].  Should the foregoing inspection be found to be insufficient, further application may be made, but only on an adequate factual showing by competent persons of the precise tests which are deemed necessary and what effect, if any, such tests would have upon the towing cable."

According to the plaintiffs, the attorneys for Sears have stated that the results of their inspection have been inconclusive, and plaintiffs ask that on this inspection the cable be subjected to whatever analysis and tests may be necessary to determine whether it was defective, even if such tests require an alteration of the present condition of the cable.  The defendant Farragut objects that this may destroy evidence necessary and material to its cross claim against Sears.  The plaintiffs

reply that defendant Farragut may fail to offer any evidence at all, since its cross claim against Sears will become academic unless plaintiffs recover against Farragut.

No one questions plaintiffs' right to an inspection coextensive with that previously granted to Sears. (See *Dugan* v. *American Transfer Co.,* 160 App. Div. 11.)

While inspection has been granted for the purpose of chemical tests, the article involved was of a fungible nature which permitted of taking a portion for analysis, while leaving another portion in its original state. (See, for example, *Reiss* v. *Kirkman & Son,* 242 App. Div. 77.)

Perhaps the best solution here would be to follow the procedure indicated in *Cardot* v. *Ball* (263 App. Div. 788), wherein the court, although denying chemical tests, said: " If it should appear on the trial, however, that a test was necessary, the court would be in a position to entertain an application for a test, and if it granted the application, to provide safeguards for the protection of the rights of all the parties."

Accordingly, the motion is granted only to the extent of permitting an inspection of the cable by experts, in the presence of a representative of the defendant Farragut and including microscopic observation and photographing, but excluding tests which would alter the present condition of the cable; all without prejudice, however, either to a further application upon the same requirements laid down in the court's decision on the defendant Sears' application or to any application plaintiffs may wish to make to the trial court, as suggested in *Cardot* v. *Ball* (*supra*).

Settle order.