Louis G. Bruhn, J.
This is a motion on behalf of the third-party defendant, Irwin Elevator Company, Inc., whom I shall refer to as Irwin, pursuant to sections 290, 292, 324 of the Civil Practice Act and rule 150 of the Buies of Civil Practice for orders directing the plaintiff and the defendant to produce for examination before trial the agents of plaintiff and defendant or their attorneys, who subsequent to May 3, 1960 inspected a certain elevator and the mechanism attached thereto at Child’s Hospital, Albany, New York; to produce for the discovery and inspection and copying by Irwin such records, data, notes, memoranda, photographs, results of metallurgical tests obtained during and pertaining to the inspection and examinations aforementioned on the grounds that such agents and material are under the exclusive control of said plaintiff and defendant ; to strike this case from the Albany Supreme Court Calendar on the grounds that the said action is not ready for trial and that the note of issue filed is premature.
The first question for determination is whether or not these agents of the plaintiff and defendant or their attorneys should be examined before trial.
Section 288 of the Civil Practice Act provides, in part: “ Any party to such an action also may cause to be so taken the testimony of any other person, which is material and necessary, where * * # other special circumstances render it proper that his deposition should be taken.”
This is an action by the plaintiff for damages sustained by him as a result of the fall of an elevator located in the defendant’s hospital. Such accident occurred on May 3,1960 sometime before noon. Apparently, since Irwin, pursuant to contract, had made semimonthly inspections of the elevator in question, the last of which was about two weeks before the accident, they were called immediately and two men dressed in the uniform of Irwin appeared to extricate the plaintiff.
It also appears that later and before 1:00 p.m. the president and another employee from Irwin appeared at the hospital. *388 While it is suggested that they made an examination, there is nothing to conclude that any of the four were experts or whether the examinations which were made were more than cursory since the company, at that time, was no longer under contract with the hospital to inspect the elevator and had little reason, therefore, to suspect they would be joined in this litigation.
While such recital might seem to suggest the existence of “ special circumstances ” warranting an examination, this court does not feel that such is the case. The witnesses now sought to be examined were experts retained after the accident, and the attorney who accompanied these experts, none of whom have any direct knowledge of the happening of the accident. They were not in control of nor did they operate the instrumentality which produced it. (Kallen v. Nassau County Bridge Auth., 281 App. Div. 765.)
For those reasons, the motion requesting an examination before trial must be denied.
It now appears that the elevator and its components have been reduced to scrap and the question next presented is whether or not a discovery and inspection should be permitted.
Section 324 of the Civil Practice Act provides, in part: “ A court of record, * * *, by order may compel a party, * * * to an action pending therein to produce and discover, or to give to the other party, an inspection and copy, or permission to take a copy or photograph of a book, document or other paper, or to make discovery of any article or property, in his possession or under his control, relating to the merits of the action, or of the defense herein.”
At first blush, and of a disturbing nature, is the thought that the discovery and inspection now sought generally is of the so-called “work product” of the attorneys and their experts and for that reason should be denied. (Aquamarine Compania Naviera v. London & Overseas Ins. Co., 11 A D 2d 926.)
However, we must bear in mind first that the work product of the lawyer is not specifically privileged. (Civ. Prac. Act, § 353.)
While heretofore such material generally has been immune from discovery, the policy of liberality which has been pursued has brought about a gradual relenting, at least, in this Department.
One of the first breakthroughs of what was once regarded as an immutable rule, appears in the case of Wilhelm v. Abel (1 A D 2d 55), which involved discovery and inspection of a statement given by a plaintiff to a defendant or his insurance carrier.
*389 The next field to be invaded was that of medical reports of an adversary’s doctor. (Del Ra v. Vaughan, 2 A D 2d 156; Rooney v. Colson, 3 A D 2d 410.)
That the exception was not to be limited solely to reports of medical experts was amply demonstrated in the case of Canter v. American Cyanimid Co. (5 A D 2d 513) when at page 516 the court stated: 1 ‘ The reasons which impelled us to encourage a similar practice as respects reports of physical examinations of parties are of equal compulsion here.”
Under those circumstances, it would seem that the motion for discovery and inspection should be granted.
We pass next to the motion to strike the case from the calendar.
While strict adherence to the readiness rule is the general attitude of all Departments, the case of Price v. Brody (7 A D 2d 204) suggests a possible deviation.
That court, at page 206, stated: ‘1 Present special, unusual or extraordinary circumstances, spelled out factually, the court has discretion to depart from this interpretation of the rule. In all cases involving this rule, however, the judicial discretion to be exercised should be discreet, circumspect, prudent and cautious, and no party should be relieved of compliance with its provisions unless it clearly appears that the interests of justice require it.”
Since in the instant case the note of issue had been filed by the plaintiff prior to the joinder of the third-party defendant without objection from the defendant it impresses this court that the special circumstances exist which, in the exercise of its discretion, will permit this court to order the discovery and inspection regardless of the filed note of issue and without the necessity of striking it from the calendar. (McGuire v. Pick, 8 A D 2d 800; Van Blarcom v. Rogers, 11 A D 2d 678.)
Under those circumstances, the motion to strike the note of issue from the calendar is denied.
Furthermore, that portion of the motion seeking the oral examination before trial of the experts, agents or attorneys of the plaintiff and defendant is denied.
That part of the motion seeking a discovery and inspection is granted to the following extent and upon the following condition : That the plaintiff and defendant produce for the discovery, inspection and copying by the third-party defendant such reports, data, notes, memoranda, photographs and results of any metallurgical tests, obtained during and pertaining to the inspection and examination of the elevator in question by the respective experts employed by the plaintiff and defendant *390 subsequent to May 3, 1960, on the condition that the third-party defendant, 7 days prior to such discovery and inspection above set forth, produce for the discovery and inspection of the plaintiff and defendant such reports, data, notes, memoranda, photographs and results of any tests made by the third-party defendant or anyone under its control pertaining to the elevator in question, made within one year immediately preceding the date of the accident in question including semimonthly maintenance reports, together with all reports, data, notes, memoranda, photographs, if any, including the results of any tests made by the third-party defendant or anyone on its behalf, as a result of its inspection of the elevator in question, on the date of the accident.
The inspection by the plaintiff and defendant of the third-party defendant’s records, as above set forth, shall proceed on December 14,1961 at 10:30 a.m., at a place to be agreed upon by the parties, or in the absence of such agreement, at a place to be designated by the court.
The inspection by the third-party defendant of the records of the plaintiff and defendant as above set forth shall proceed on December 21, 1961 at the same time and place, all without costs.