Nicholas M. Pette, J.
In an action to recover damages for personal injuries and for loss of consortium, the individual defendant moves (1) for a discovery and inspection of a particular Seltzer bottle and/or the pieces, portions or fragments thereof which allegedly exploded, causing the plaintiff Barbara Salzo to sustain injuries and (2) for the discovery and inspection of any reports of tests or examinations which the plaintiffs may possess concerning the Seltzer bottle.
The plaintiffs, in opposition to the first branch of the motion, state that the fragments of glass which were part of the Seltzer bottle that exploded were carefully and meticulously examined by experts and reassembled; that the reassembled bottle is highly fragile and delicate and any examination thereof of necessity must be made by a highly skilled expert. Thus, the plaintiffs argue that since the individual defendant has not designated nor identified the expert or experts who he intends to have examine and inspect the bottle nor indicated the type of inspection or tests which will be made, the motion should be denied without prejudice to renewal upon a proper showing of who, on behalf of the individual defendant, is to examine said bottle, the manner in which said bottle is to be examined and assurances of safeguards concerning the bottle. Furthermore, the plaintiffs state that no motion for a discovery and inspection of the bottle has been made on behalf of the defendant Vi-She Bottling Corp. and request that if discovery is granted the individual defendant, the order in connection therewith should provide that the inspection to be made be also on behalf of the defendant Vi-She Bottling Corp. and if said defendant refuses to pay its fair share of the costs, that it thereafter be precluded from seeking a discovery and inspection of the bottle involved herein, Finally, the plaintiffs argue that the second branch of the motion which relates to a discovery and inspection of reports which they may possess concerning the bottle is improper and should be denied.
The court can properly grant the discovery and inspection of any article or property in the possession of an adverse party or under his control relating to the merits of the action or of the defense therein and provide for adequate safeguards for the protection of the rights of all of the parties. (See Civ. Prac. Act, § 324; see, also, Cardot v. Ball, 263 App. Div. 788.) The results of any examination of the Seltzer bottle herein would be *359 material and competent as evidence and reasonably necessary to enable the individual defendant to prepare for trial. (Lehr v. City of New York, 28 Misc 2d 663.) The fact that the individual defendant has not set forth the expert or experts who are to examine the Seltzer bottle or the manner in which the bottle is to be examined should be a bar to the granting of the instant motion inasmuch as the competency and weight of any examination are properly for determination upon the trial. (See Canter v. American Cyanimid Co., 5 A D 2d 513, mod. 6 A D 2d 847.) The court, however, may consider such matter in establishing the requisite safeguards. Finally, the court is of the opinion that the rights of the defendant Vi-She Bottling Corp. in connection with a discovery and inspection of the bottle involved herein should not be in any way affected or circumscribed upon the instant motion since it is not a party to .this application.
Accordingly, the motion as it relates to the discovery and inspection of the Seltzer bottle herein is granted as follows: The date and time of the inspection are to be fixed in the order to be entered hereon as well as the name or names of the experts or other persons the individual defendant will designate to examine the bottle. The plaintiffs or their representatives will be permitted to be present during any examination or test to be made in connection with the bottle and to observe all the methods used. (Lehr v. City of New York, supra.) A photograph of the bottle is to be taken prior to its delivery to the individual defendant. Thereafter, the plaintiffs are to deliver the bottle to the individual defendant or his designated representative at the individual defendant’s expense. (Treacy v. Woolworth Co., 248 App. Div. 640.) The individual defendant is directed not to destroy or in any other way injure the bottle as it has been reconstructed. (See Petruk v. South Ferry Realty Co., 2 AD 2d 533.) In the event there is any dispute between the parties with respect to the safeguards necessary to protect the bottle or if the individual defendant finds it necessary to disassemble the bottle, further application may be made to this court.
While ordinarily a party’s own expert’s reports are not subject to discovery and inspection (see Mitchell v. Black & Decker Mfg. Co., 19 Misc 2d 887,890; Latorre v. Pepsi Cola Metropolitan Bottling Co., 204 Misc. 184; Natbony v. Vi-She Bottling Corp., 212 N. Y. S. 2d 564), the court is of the opinion that in view of the liberal practice which obtains in pretrial procedures generally to permit full disclosure, the plaintiffs should furnish the individual defendant with copies of the reports of all tests and *360 examinations of the bottle on condition that the individual defendant furnish the plaintiff with copies of the reports of all tests and examinations made on his behalf.
Accordingly, the second branch of the motion is granted on condition that the individual defendant furnish the plaintiffs with copies of the reports of all tests and examinations made on his behalf. (See Canter v. American Cyanimid Co., 5 A D 2d 513, mod. 6 A D 2d 847, supra.)