Levin, a Minor, etc., Plaintiff-Appellant, v. Cleveland Welding Co. et., Defendants-Appellees.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25934.   Decided January 10, 1963.

Mr. Frank K. Levin, for plaintiff-appellant.

Messrs. Baker, Hostetler & Patterson, for defendant-appellee, The Cleveland Welding Co.

Messrs. Johnson, Weston, Blackmore, Cory & Hurd, for defendant-appellee, General Motors Corp.

(Hunsicker and Doyle, JJ., of the Ninth District, and Hildebrant, J., of the First District, sitting by assignment in the Eighth District.)

Hunsicker, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio, wherein that court ordered that a certain chattel

in the possession of Morris M. Levin, a minor, the appellant herein, be produced for examination and test by the Cleveland Welding Company and General Motors Corporation.

A petition was filed in the trial court by Morris M. Levin, a minor, claiming personal injuries sustained when a bicycle coaster brake on his bicycle locked as he attempted to use it while riding the bicycle, causing him to be thrown to the ground, resulting in serious physical injury.

The petition for money damages alleged, among other claims of negligence upon the part of the appellee manufacturer, that the brake was defective when placed on the bicycle. One of the defendants filed a motion for the privilege of testing and examination of the brake. The other defendant, by way of cross-petition, prayed for discovery, and that the brake be made available for inspection and examination by an expert.

Upon a hearing of their application, it was established that, in the event the brake was disassembled, and any part found to be broken, such brake could not then be reassembled. The trial court, nevertheless, ordered:

"(1) That any inspection and tests by each of the parties shall be made by an expert whose qualifications are to be submitted to the Court for review and approval before any inspection is made.

"(2) That said experts will make such inspection and tests without adversely affecting the condition of the bicycle, the wheel, and the brake.

"(3) That the inspection and tests to be made by the experts, approved by the Court, shall be made in the presence of the Court at a hearing to be set not later than January 31, 1962. The experts of the defendants and the expert of the plaintiff and their respective counsel may appear and participate in said hearing.

"(4) That following said inspection and tests in the presence of the Court, or as are authorized by the Court during the course of said hearing, each of said experts shall submit to the Court a pretrial report as to what was done and what was found as a result of said examination and tests.

"(5) Plaintiff's counsel has represented to the Court that said bicycle, wheel, and brake are in the same condition now as they were immediately following the accident, and the Court,

therefore, orders that said bicycle, wheel and brake shall be kept in the same condition and shall be brought into Court for the above said inspection and tests on or before February 15, 1962, on a date to be set by the Court and in the same condition as they were immediately following the accident."

It is from the order so entered that an appeal is lodged in this court on questions of law by Morris M. Levin, a minor, who says:

"1. The trial court abused its discretion in ordering plaintiff's counsel to produce the bicycle for tests and permitting the brake mechanism to be taken apart.

"2. The trial court erred in ordering the testing, inspecting and dismantling of the bicycle brake without statutory authority.

"3. The court erred in ordering the inspection, testing, and dismantling of the bicycle brake without authority under the common law.

"4. The court erred in ordering the inspection, testing, and dismantling of the bicycle brake without power or authority by rule of court.

"5. The court erred in ordering the plaintiff's counsel to produce the bicycle and brake for the inspection, testing and dismantling by defendants' experts.

"6. The court erred in ordering plaintiff's counsel to produce the bicycle and has violated the due process of law clause of the Fourteenth Amendment to the Constitution of the United States and the due course of law of Article I, Section 16, of the Ohio Constitution.

"7. For all other errors apparent on the face of the record to the manifest prejudice of the plaintiff-appellant."

This court has heretofore determined that there is before us a final appealable order.

Section 2317.48, Revised Code, says:

"When a person claiming to have a cause of action or a defense to an action commenced against him, without a discovery of the fact from the adverse party, is unable to file his petition or answer, he may bring an action for discovery, setting forth in his petition the necessity therefor and the grounds thereof, with such interrogatories relating to the subject matter of the discovery as are necessary to procure the discovery

sought. If such petition is not demurred to, it must be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable."

Statutory authority has been used principally to discover papers and records, and to secure answers to interrogatories. Statutory authority (Section 11555, General Code) has also been used to test and examine a part of a product, which test and examination leaves for production in court the original container and that portion of its contents not consumed or used in making the test. *Driver* v. *F. W. Woolworth Co.*, 58 Ohio App., 299.

No Ohio case has been cited to us, nor have we been able to find Ohio authority, to require the production of physical evidence for inspection and disassembly. A search by this court for authority in other jurisdictions has produced annotations on the discovery and inspection of articles or chattels, the condition of which is alleged to have caused personal injury or death. These annotations on the instant subject may be found in 33 A. L. R., 16, *et seq.*, and 13 A. L. R. (2d), 657, *et seq.*

The author in 13 A. L. R. (2d), 657, at page 659, says:

"In the absence of explicit statutory authorization, there has been some conflict in the decisions, in cases involving personal injury or death caused by some condition of a chattel or premises, with regard to their power to order discovery of such property, but in a majority of jurisdictions it has been held that an order of this type may be made."

One of the leading cases, wherein it was held that a court had the power (despite lack of statutory authority) to order the inspection of a chattel claimed to have been the cause of death, is *Reynolds* v. *Burgess Sulphite Fibre Co.*, 71 N. H., 332, 51 A., 1075.

Although many states have enacted special statutory authority for inspection of chattels (frequently a denial of the right of inspection depends upon the interpretation of the statute), other states have permitted inspection under the rules of equity, by granting to a court of general equity jurisdiction the power to order an inspection and test of the article alleged to have caused injury.

A discussion of the right of inspection of chattels before trial of a civil action may be found in VI Wigmore on Evidence (Third Ed.) Section 1862. In the 1962 Supplement to this volume is found cited one Canadian case, *Upton Bradeen & James Ltd.* v. *Plastic Industries Ltd. (Alberta)*, 11 A. L. R. (2d), 336, where inspection of personal property was denied because such inspection would involve partial destruction or mutilation of the property. This is the only case we have found where a destruction of the property has been involved.

A statute authorizing action for discovery is not only applicable to documents, but also to chattels in the control of the opposing party. *Owens-Illinois Glass Co.* v. *Bresnahan*, 79 N. E. (2d), 195, 13 A. L. R. (2d), 653; *MacPherson* v. *Boston Edison Co., et al.*, 142 N. E. (2d), 758.

In some states there is specific statutory authority to grant an order permitting inspection of property which applies to real and personal property. *Zutter, et al., etc.,* v. *Kral*, 268 Wis., 606, 68 N. W. (2d), 590; *Dugan* v. *American Transfer Co.* (N. Y. Appellate Div.), 145 N. Y. S., 31.

In some states where no statutory authority is claimed for the right to inspect property of the opposing party, the courts have, upon proper application, permitted such inspection. *Culbertson* v. *Iola Portland Cement Co.* (Kansas), 125 P., 81.

Some states say that the courts have no inherent power, either in law or equity, to enable parties to secure evidence in support of their cases. *State Board of Insurance Commrs.* v. *Fulton et al.* (Texas), 234 S. W. (2d), 389, although Texas has a rule of civil procedure permitting, upon proper application, inspection of documents. *Crane et al.* v. *Tunks, Dist. Judge, et al.*, 328 S. W. (2d), 434.

The Ohio statute we believe is broad enough to require not only the answer to interrogatories, but inspection of property, whether real or personal. We also believe that a trial court has inherent power, under proper safeguards, to order the inspection of chattels claimed to have been a cause of bodily injury.

The trial of a lawsuit is not a game to be conducted by two adversaries, but it is a matter in which the general public has an interest, for such suit concerns the settlement of controversies, which leads to peace and tranquility in the state. To that end any reasonable order for the inspection of property

184

alleged to be involved in a claim of bodily harm can lead but to revealing the truth of the conflicting claims, which is what an action at law seeks to determine.

The order, as made by the trial court herein, was not arbitrary, unreasonable, an abuse of discretion, or contrary to law.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellant.

The judgment must be affirmed.

*Judgment affirmed.*

DOYLE and HILDEBRANT, JJ., concur.