William J. Dempsey, J.
This is a motion for an order, pursuant to section 324 of the Civil Practice Act and rule 140 of the Rules of 'Civil Practice, directing plaintiffs and their attorney to produce for discovery and inspection by an expert of defendant’s choosing, at his laboratory, the glass jar, which the plaintiffs allege caused the injuries set forth in the complaint, which is the basis of this action.
The plaintiffs object to the discovery and inspection because the jar is the only physical evidence of plaintiffs’ case and should not be removed from plaintiffs’ possession and control.
The court can properly grant the discovery and inspection of an article or property in the possession of an adverse party relating to the merits of the action or of the defense therein and provide for adequate safeguards for the protection of the rights of all of the parties. (Civ. Prac. Act, § 324; see, also, Cardot v. Ball, 263 App. Div. 788.)
The results of the examination of the jar may be material and competent as evidence and reasonably necessary to enable the defendant to prepare for trial. (Lehr v. City of New York, 28 Misc 2d 663.)
The motion for the discovery and inspection of the jar is granted as follows: The date and time of the inspection are to be fixed in the order to be entered herein, as well as the names of the experts the defendant will designate to examine the jar. The plaintiffs or their representatives will be permitted to be present during any examination or test to be made in connection with the jar and to observe all the methods used. (Lehr v. City of New York, supra.) Photographs of the jar are to be taken prior to its delivery to the defendant. The cost of the inspection, as well as the photographs, shall be borne by the defendant, which is making this request. Thereafter, the plaintiffs are to deliver the jar to the defendant or the designated representative *419 at the defendant’s expense. (Treacy v. Woolworth Co., 248 App. Div. 640.) The defendant is directed not to destroy or in any other way injure the jar. (See Petruk v. South Ferry Realty Co., 2 A D 2d 533.)
In the event there is any further dispute between the parties with respect to the safeguards necessary to inspect the jar, which may cause change in its physical characteristics, further application may be made to this court to fix a monetary consideration for indemnification in the event of destruction or loss as a consequence of the inspection.
This court is of the opinion that in view of the liberal practice which prevails in pretrial proceedings generally to permit full disclosure, the defendant shall furnish the plaintiffs with a copy of the reports of all tests and examinations of the jar. Motion granted.