Bernard S. Meyer, J.
This is a motion for a protective order in an action based on defendants’ shipment to plaintiff of allegedly deficient merchandise. Plaintiff Benwal’s notice of discovery pursuant to CPLB 3120 indicates that it wishes a materials consultant to perform certain tests on goods in defendant’s possession. Defendant concedes Benwal’s right to make the tests and Benwal concedes defendant’s right to be present while the tests are made, but defendant urges that the discovery be conditioned upon plaintiff furnishing to it a copy of the consultant’s report. Benwal refuses on the ground that such report is material prepared for litigation and therefore qualifiedly privileged under CPLR 3101 (subd. [d]). Notwithstanding the trend to liberalize discovery and the existence of cases authorizing the furnishing of test reports (Canter v. American Cyanamid Co., 5 A D 2d 513, mod. 6 A D 2d 847; Petruk v. South Ferry Realty Co., 2 A D 2d 533; Pfaudler Permutit v. Stanley Steel Serv. Corp., 28 Misc 2d 388; Lachowitz v. Child’s Hosp., 32 Misc 2d 386; Salzo v. Vi-She Bottling Corp., 37 Misc 2d 357; Nasoff v. Hill’s Supermarket, 40 Misc 2d 417), the court concludes that the report of Benwal’s expert is immune from discovery. Both Canter and Lachowitz (supra) are decided on the basis of an analogous requirement that reports of physical examination be exchanged by parties. The CPLB, however, now makes explicit provision for such an exchange in 3121, while the immediately preceding section, authorizing discovery of documents and things for tests, etc., makes no similar provision. Petruk (supra), involves tests which alter the nature of the article and therefore are not duplicable. The Pfaudler case authorized discovery by the defendant of test results prepared at plaintiff’s request when the object itself was no longer available, and even then limited the discovery to factual data, excluding the expert’s opinion evidence. The Salzo and Nasoff *645 cases direct the furnishing of test reports ‘ ‘ in view of the liberal practice of pretrial procedures,” although Balso acknowledges that “ ordinarily a party’s own expert’s reports are not subject to discovery”, Salzo v. Vi-She Bottling Corp. (supra, p. 359). All of these cases, however, were decided before the effective date of CPLR 3101 (subd. [d]) which grants immunity to material prepared for litigation unless it be shown that the material is no longer duplicable and withholding it would cause hardship or injustice. Defendant is free to conduct its own tests and the fact that it is a smaller company than plaintiff and would like to avoid the expense of its own tests is not a sufficient showing of hardship. The motion is denied. (See Savoie v. F. & M. Schaefer Brewing Co., N. Y. L. J., Feb. 27, 1964, p. 19, col. 4.)