Jack Stanislaw, J.
On the face of CPLR 3122, this motion by plaintiff for a protective order with regard to a defendant’s notice for discovery and inspection is untimely. However, the section should be read with and related to CPLR. 3103, subd. (a) which latter provides that a court may make a protective order on its own initiative at any time (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3122.01). However, good cause for a departure from the stated time limit .should be shown.
*566 Despite a failure to excuse the tardiness of this motion a complicating factor is manifested in that the notice itself was served after a note .of issue and statement of readiness had been filed. Therefore, the notice itself is untimely (Buies of App. Div., 2d Dept., Pt. Seven, rule VII). There is some indication that the action was placed on the calendar right after examinations before trial were concluded. Movant asserts it simply followed better procedure in first examining and then attempting to discover and inspect, based upon the information obtained upon the examination.
Ultimate complication is established by the subject matter of the notice itself. The action seemingly is based upon theories of negligence and breach of warranty, plaintiff having sustained injury allegedly due to a defective steering mechanism in her automobile. The moving defendant asks for discovery of the automobile itself, of the allegedly defective parts thereof, of a copy of the repair estimate, and of inspection and investigation reports made on plaintiff’s behalf or her insurance company. One question raised, as to the last item, is whether that is “ work product ” and therefore not .subject to disclosure (CPLB 3101, subd. [c]). Another is the amenability of plaintiff’s carrier, a nonparty, to such discovery proceeding in any event.
Bather than delve into the tempting technical and substantive issues presented the court feels obliged to first insist upon a proper procedural framework. Plaintiff must excuse, if possible, the lateness of her request for the instant protective relief sought; defendant, even before that, must fully and factually point out the special conditions necessitating and justifying its procedure along these lines after the action had been placed on the calendar. The motion is denied, except that defendant may not proceed with the discovery and inspection as noticed unless it first properly move for leave to do so.