Jack Stanislaw, J.
In this malpractice action the plaintiff Edwardes asks for a protective order against the notice of the third-party defendant, Zimmer Manufacturing Company, to *188 produce an allegedly defective intramedullary pin for discovery and testing (CPLE 3120). Edwardes has some basic objection to production of the pin, but mainly asks that he be authorized to observe and have a copy of the report of the test, and be assured by the testing agency that the condition of the pin will not be substantially changed.
The pin itself, some 13x/% inches long, supposedly can be tested and examined by the use of about 14 inch of it or less. Since the pin broke while in place the fracture site need only be polished for examination and testing. These details of actual testing procedures and requirements are supplied by a representative of the American Standards Testing Bureau, the agency chosen by Zimmer to make the tests. Codefendants G-aynor and Livingston have cross-moved for copies of the test reports.
Given the somewhat detailed information of testing procedures Edwardes reiterates his objection to them as amounting to a substantial and therefore prejudicial alteration. If the pin is to be made available he would have Zimmer post a bond of $500,000, apparently for its return intact. First though, Edwardes notes that the proposed tester’s representative has not displayed any qualifications as an expert capable of satisfactorily and definitively describing the procedures involved.
Belying on CPLE 3101, (subd. [d]), Zimmer objects to handing out reports of the tests to be undertaken on its behalf. These reports would be “ material prepared for litigation ” and thus beyond the scope of disclosure. Gaynor and Livingston point out that they too would want similar discovery of the pin so why not permit the single testing with reports thereon made available to them. Zimmer then objects to this wholesale distribution of reports, now to conceivably include all of the parties to the action.
Before delving into the practical and substantive issues raised a procedural objection made by Zimmer must be considered. The notice pursuant to CPLE 3120 was not the subject of a protective order moved within five days after service thereof (■CPLE 3122). The untimeliness of the application is said to render it without validity as having been waived. Plaintiff notes an attempt to comply with the notice initially on an informal basis, agreeing to the disclosure but simultaneously setting forth conditions which have been raised in these papers. This motion followed Zimmer’s rejection of the proposed conditions. We do not deviate now from our previously reported view that the time limitations set forth at CPLE 3122 are flexible *189 at least to the extent that the section may be read in connection with CPLB 3103 (subd. [a]) (Farone v. Korey Motors, 44 Misc 2d 565; cf. Weisgold v. Kiamesha Concord, 51 Misc 2d 456). Here, we are inclined to relieve plaintiff from a strict application of the time limitation. After the notice to discover was received certain suggestions were made by Edwardes shortly thereafter with respect to it, by letter. These objections or conditions were dismissed and disregarded by defendant, and plaintiff then moved promptly. The total lapse of time involved from notice to motion was about three weeks. It is not readily apparent that plaintiff’s informal communication with Zimmer was so reprehensible as to warrant strict imposition of the limitation period of CPLB 3122. (This, of course, is not to say that we would make a habit of disregarding the section in every instance no matter what the cause for delay.) In addition, the cross motion is similarly accepted as timely, over Zimmer’s objection, in the context of the procedural framework herein.
Reference is made to Renewal Prods. v. Kleen-Stik Prods. (43 Misc 2d 644) as establishing both the defendant’s ability to test and the inability of other parties to reach the test report. It was there pointed out that pre-CPLB cases displayed a distinct tendency to permit an adversary’s tests, at least'as far back as 1933 (Jerry Herbert Lehmann, Inc. v. Turtle Bros.,
149 Misc. 744). Some conditions were imposed, for instance to permit the presence of the adversary (Merriam Display Studio v. Harlambides, 196 Misc. 352), or to distribute copies of the report (Petruk v. South Ferry Realty Co., 2 A D 2d 533; Salzo v. Vi-She Bottling Corp., 37 Misc 2d 357). However, as Renewal points out, these permissive determinations preceded the CPLB’s conditional exemption from disclosure of expert opinions prepared for litigation (CPLR, 3101, subd. [d]). On the other hand, disclosure per se, by testing and inspection, is still, and perhaps even more, available now (see Silberberg v. Hotpoint Div. of Gen. Elec. Co., 23 A D 2d 754). It is fairly clear that Zimmer may at least have discovery of the broken intramedullary pin which seems to be a, if not the, focal point of this action (Petruk v. South Ferry Realty Co., supra; Mudge v. Hughes Constr. Co., 16 A D 2d 106; Salzo v. Vi-She Bottling Corp., supra).
Insofar as the propriety of requiring Zimmer to distribute copies of the report of its test the issue is not precisely governed by the Renewal case. There, immunity attached to an expert’s report of tests made of certain allegedly defective merchandise, which tests did not either dissipate or alter the article completely *190 or in substantial part -(see, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.53).
The conditional nature of the immunity from disclosure provided for by CPLR 3101 (subd. [d]) has been emphasized. Thus, expert opinion prepared for litigation may be obtained if injustice or undue hardship will otherwise result. Thus, to the extent that such reports may deal with mixed items, some duplicable and some not, so much of them as pertain to the latter can be denied CPLR 3101 (subd. [d]) protection and made subject to disclosure (Hayward v. Willard Mountain, Inc., 48 Misc 2d 1032; Gugliano v. Levi, 24 A D 2d 591).
We are presented with a single item to be tested and no possibility of substituting another for it in any way. Although the essential changes that might be made in the article by the tests are characterized as “ substantial ” by Edwardes that does not appear to be exactly the case. Nonetheless, there will obviously be change. Since the pin is crucial to the action it is not too difficult to appreciate that any change, however slight, assumes an importance magnified proportionately. And undoubtedly tests which would destroy or alter most or all of a particular article ought not be permitted in the first instance without providing' adequate safeguards to protect all concerned (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3120.25).
We find neither black nor white here, but rather extensive gray. This unique pin, although discoverable, will be somewhat changed by the proposed tests. In view of its importance and central position in the lawsuit, and the apparent subsequent necessity of further similar alterations were it to be tested by all other parties, we find sufficient hardship present to warrant the circulation of the one expert opinion.
The tests shall be made in the presence of the parties to this application, or their representatives, unless they give written waiver thereof. Copies of the test report shall be made available to them. Before testing takes place plaintiff Edwardes and defendants Gaynor and Livingston shall deliver to Zimmer and to each other copies of all test reports they may have ordered or obtained, or affirmations acknowledging the absence thereof. Should all agree to further additional tests by some other agency the same conditions shall prevail, and both with regard to the instant test and any other the cost thereof shall be equally borne by these participants.