Arnold Gr. Fraiman, J.
Motion for an order pursuant to OPLB 3124 compelling defendant to produce certain records for inspection is granted. The notice for discovery and inspection, *315 made pursuant to CPLR 3120, was served on defendant on August 20, 1970. No application for a protective order was made by defendant within the five-day period provided for in CPLR, 3122, and no satisfactory excuse has been offered for its failure to comply with the time requirements of that rule. Defendant is therefore barred from objecting to the production of the items sought in plaintiff’s notice. (Coffey v. Orbachs, Inc., 22 A D 2d 317.)
However, defendant claims that even if it is barred by its failure to comply with CPLR 3122, plaintiff should still be denied discovery and inspection because her notice was served more than 60 days after she had filed a note of issue. The note of issue was filed on January 28,1970 and, as previously indicated, the discovery notice was served on August 20, 1970. Section 660.4(d) (9) of the Rules of the Supreme Court, New York and Bronx Counties (22 NYCRR 660.4 [d] [9]), provides that “In any action in which a note of issue has been filed without a statement of readiness, any party who fails or omits to serve notice of examination before trial prior to the 60th day after the date of service of the note of issue shall be deemed to have waived all rights to such examination before trial, except as provided in paragraphs (6) and (7) of this subdivision [dealing with special circumstances].”
If we were here concerned with a notice of examination before trial, it would appear that even though defendant failed to move for a protective order within five days, it could still successfully preclude plaintiff from obtaining disclosure by reason of her own tardiness. (See, e.g., Farone v. Korey Motors, 44 Misc 2d 565, and the commentary following CPLR 3122 in McKinney’s Cons. Laws of N. Y., Book 7B.) However, this motion does not involve a notice of examination before trial, but rather, a notice of discovery and inspection. The court rules refer only to the former. While I am aware that, in one case, section 660.4(d) (9) has been interpreted to include a notice for discovery and inspection as well as for an examination before trial (Varchaver v. New York City Tr. Auth., N. Y. L. J., April 15,1968, p. 15, col. 6), I believe that if it had been intended that all disclosure notices were to be limited by the 60-day requirement of section 660.4(d) (9), the drafters of that section would have so specified, rather than limiting the section to notices of examination before trial. Accordingly, the court finds that plaintiff’s notice for discovery and inspection is not barred by section 660.4(d) (9), and she is entitled to have the items she seeks therein produced by defendant.