(No. 43872.‑

DAISY E. DREHLE, Admr., Appellee, v. FRANCES R. FLEMING, Admr., Appellant.

*Opinion filed October 4, 1971.*

DUNN, STEFANICH, McGARRY, and KENNEDY, of Joliet, (JOHN J. McGARRY, and HARRY D. LEINEN-WEBER, of counsel,) for appellant.

ROBSON, MASTERS, RYAN, BRUMUND, and BELOM, of Joliet, and SIDNEY Z. KARASIK, of Chicago, (FRANK H. MASTERS, JR., JOHN A. BELOM, GEORGE M. O'BRIEN, of counsel,) for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Daisy Drehle, administrator of the estate of Carl W. Drehle, brought this wrongful death action in the circuit court of Will County against Frances Fleming, administrator of the estate of Michael Fleming. The jury returned a verdict for the defendant, judgment was entered on the

verdict, and the plaintiff's amended post-trial motion was denied. The appellate court reversed and remanded for a new trial (129 Ill.App.2d 166), and we granted leave to appeal.

The new trial was granted by the appellate court on the ground that newly discovered evidence, which would have had a strong likelihood of changing the result of the case, had not come to the attention of the attorney for the plaintiff until after the trial was concluded because of the defendant's failure to comply with discovery procedures. The issue in this court is the correctness of that ruling, and a brief statement of the situation as it existed in the trial court is necessary to an understanding of that issue.

On July 17, 1965, at approximately 6:30 A.M., a four-car collision occurred on interstate Route 55 (I-55). Seven persons died in the collision, including the plaintiff's decedent, Carl W. Drehle, and the defendant's decedent, Michael Fleming. The present case appears to be one of many arising out of the accident. The collision occurred in the southbound lanes of I-55, which is a four-lane highway with a median dividing the northbound and southbound lanes at the point of the collision. It is undisputed that the collision was caused by an automobile which was being driven north in the southbound lanes. The Fleming and Drehle cars collided head-on. The plaintiff contended that the northbound vehicle belonged to William Fleming and was then under the control of his son, Michael Fleming. The defendant contended that the northbound vehicle was driven by Carl W. Drehle.

Carl Drehle, age 50, resided in New Lennox, Illinois. He was a construction worker, and there was testimony that he had left his home to go to work at approximately 6 A.M. on the date of the accident. He was alone in his car when the collision occurred. Michael Fleming was on furlough from the Navy. He had received permission to use his father's car on the evening of July 16, 1965, and had told his father that he might go to a party that night with

some of his friends. Michael left the Fleming home driving his father's car between 8 and 8:30 P.M. the evening before the collision. There was no other testimony as to what Michael did in the intervening hours before the collision. At the time of the collision there were three other young men with Michael in the Fleming car. All four young men died in the collision. Some witnesses testified that it was the Fleming car that was northbound, and some that it was the Drehle car.

There was no instruction to the jury as to whether it was necessary to find that Michael had been negligently driving the Fleming car in order to return a verdict against the defendant, or whether his negligent supervision of another's operation of the car would suffice. The complaint alleged that Michael Fleming was negligent in the manner in which he "drove, managed, and operated" the vehicle. The plaintiff's attorney argued before the jury that the facts in evidence led to the conclusion that Michael Fleming was driving the car, while defense counsel argued that the evidence showed that it was not Michael who was driving.

After the jury retired it sent the following note to the trial judge:

"Your Honor, is this suit to decide if,
1. M. Fleming was negligent in operating a vehicle, or,
2. If he acted negligently."

With the acquiescence of counsel the trial judge responded: "I cannot give you an answer to your inquiries. You have heard the evidence and the law applicable to this case is contained in the instructions given you by the court."

The plaintiff had tendered three instructions based on a "continuous facts doctrine," by which the existence of a state of facts was to be presumed from the proof of its existence at a prior time. The trial court refused to give these instructions "first, because they were abstract in nature, and second, because not supported by the

evidence. The court concluded that the fact Fleming was seen driving the car at 8:30 P.M. did not warrant an instruction suggesting that he was, therefore, driving the car at 6:30 A.M. on the following morning." 129 Ill.App.2d at 173.

The newly discovered evidence was the statement of Frank F. Pepole, which, summarized, was that he had attended a party during the early morning hours of July 17, 1965, at which Michael Fleming and the three young men who were with him at the time of the accident were present. He said that Fleming had arrived about midnight and left at approximately 4:30 A.M. on the morning of the collision. Liquor was available, and he saw Fleming and the others with glasses in their hands, but he did not know "how much they had to drink or what they drank." He stated that "when they left Mike Fleming was driving. *** They were all awake and their actions, speech, let me to believe they were not intoxicated."

This statement was taken from Pepole on July 28, 1965. It had been produced, in response to a discovery motion, by Attorney Frank Pause who represented the present defendant in a case brought by a different plaintiff, arising out of the same accident. It did not become known to the attorney for the plaintiff in the present case until after the jury had returned its verdict. It was delivered to him on April 30, 1968, in response to a discovery motion in still another case arising out of the same accident, in which the present plaintiff was a defendant.

The trial judge overruled the motion for a new trial upon two grounds. The first was: "The said Attorney, Frank Pause, is not representing the Defendant, Administrator of the Fleming estate *in this case.*" (Emphasis supplied.) This same ground was advanced in other terms by John J. McGarry, who represented the defendant in the present case in the trial court. His affidavit in opposition to the motion for a new trial stated: "That the list of

statements in the foregoing paragraph [persons other than Pepole] were the only statements of persons who had knowledge of the matters alleged in plaintiff's Complaint that were *in your affiant's file at the time* that the conference between Attorney Belom and your affiant was held." (Emphasis supplied.)

This ruling by the trial judge and this attempted justification by the defendant's attorney indicate a fundamental misconception. Discovery is not limited to matters within the knowledge of the attorney who represents a litigant in a particular lawsuit. A request for discovery is addressed to the litigant. The attorney becomes involved because he is the agent of the litigant. Neither a litigant nor the insurer of a litigant can frustrate discovery procedures by fragmenting its knowledge among different agents or attorneys. The fact that when discovery was sought the Pepole statement was in the possession of an attorney for the defendant other than the one retained for this case does not justify nondisclosure.

The second ground upon which the trial judge overruled the motion for a new trial was: "Frank F. Pepole was not an occurrence witness. It does not appear to the Court from the statement of Mr. Pepole, which Plaintiff attached as an exhibit to the amendment to her post-trial motion, that the testimony which Mr. Pepole might give would be of such conclusive character that it would probably change the result if a new trial was granted." For the reasons stated in the majority opinion of the appellate court, we agree that this ruling was erroneous.

In this court the defendant asserts that noncompliance with the discovery procedures was occasioned by "improper, non-specific and unintelligible interrogatories and production motions." Like the appellate court, however, we are unpersuaded, since the lengthy affidavit filed by the attorney for the defendant in opposition to the motion for a new trial did not suggest that defects in the form of the interrogatories were responsible for failure to

298

produce the Pepole statement. In our opinion the appellate court correctly held that the reciprocal interrogatories which formed the basis for the mutual disclosure sought were sufficiently broad to require production of the information regarding Pepole. "As we said in *Krupp v. Chicago Transit Authority, 8 Ill.2d 37, 41,* discovery before trial 'presupposes a range of relevance and materiality which includes not only what is admissible at the trial, but also that which leads to what is admissible at the trial.'" *Monier v. Chamberlain (1966), 35 Ill.2d 351, 357.* The judgment of the appellate court is affirmed.

*Judgment affirmed.*