RONALD W. SARVER, Plaintiff-Appellant, v. BARRETT ACE HARDWARE, INC., a/k/a BARRETT ACE HARDWARE et al., Defendants-Appellees.—(NOEL C. LINDENMUTH, Appellant.)

(No. 74-333;

Third District—June 12, 1975.

Horwitz, Anesi, Ozmon & Associates, of Chicago (Anthony V. Fanone, of counsel), for appellant.

Gates W. Clancy, of Geneva (William B. Phillips, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Ronald W. Sarver, plaintiff, and Noel C. Lindenmuth, his attorney, join in an appeal from an order of the Circuit Court of Will County finding the attorney guilty of contempt for failure to comply with certain discovery orders entered by the trial court. The issue is specifically whether the scope of discovery in the State of Illinois is broad enough to allow the physical testing of tangible objects, even where such testing may alter or destroy the item through a so-called "destructive testing."

The action in the cause before us arose from a products liability suit by plaintiff Ronald Sarver, who alleged that while he was using a certain hammer manufactured by defendant Estwing Manufacturing Company and sold by defendant Barrett Ace Hardware, a piece of metal from the hammer apparently chipped off and struck him in the eye and caused serious injury. In the course of the proceeding on motion of defendant Estwing, the court ordered plaintiff in June of 1971 to produce the hammer in possession of the plaintiff, "for the purpose of inspection and testing by defendant Estwing." The court also ordered, in October of 1972, that the plaintiff produce the hammers for inspection. This time the court specifically prohibited any testing or any release of custody of the hammer from plaintiff.

Defendant made further requests for production on October 23, 1973, and plaintiff produced the hammer for inspection and photographing by defendant's experts. Estwing, however, continued to insist on testing the hammer, and after extensive argument in the trial court, on January 21, 1974, the trial court held that so-called "destructive testing" would be proper as soon as the appropriate procedures were established. On June 10, 1974, the court ordered that the hammers be produced for testing under the following guidelines:

"(a) The Plaintiff shall deliver said hammers to Norris, Yonker,

Kawin & Associates, 2731 Gardner Road, Broadview, Illinois.

(b) Mr. Yonker, Defendant's expert, shall give notice to the attorneys for the Plaintiff, HORWITZ, ANESI, OZMON & ASSOCIATES, LTD., 188 West Randolph Street, Chicago, Illinois, of the day or days on which the testing shall take place. Said notice shall be in writing and shall be given within ten (10) days prior to the first day of testing.

(c) A representative, whom the Plaintiff shall designate, will be allowed at the testing, and shall be allowed to take photographs of the testing procedures.

(d) One-half (½) of all samples taken from such hammer shall be preserved and turned over to the Plaintiff when the testing is terminated.

(e) Mr. Yonker shall return the hammers and the samples to the Plaintiff."

Plaintiff's attorney, who apparently had possession, refused to produce the hammer for this destructive testing (contending that the order was improper) and on July 11, 1974, a direct contempt order against him was issued by the court and he was fined $100. It is from that order that plaintiff and his attorney appeal, and challenge the validity of the underlying discovery order following the procedure in *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill.2d 180, 226 N.E.2d 6.

■■ It is argued by plaintiff that such "destructive testing" of objects is not a permissible method of discovery under Illinois Supreme Court Rules 201 and 214 (Ill. Rev. Stat. 1973, ch. 110A, §§ 201, 214). The rules allow for production of objects for inspection by the adversary, but do not expressly mention "testing." Rule 201(b)(1) reads in relevant part:

"Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things * * *."

It is noted that while full disclosure is referred to and "inspection" is provided, the rules do not specifically include "testing." It is argued by defendant that such testing should be allowed in keeping with the spirit of full disclosure which emanates from the discovery rules, has been explained in such landmark cases as *Monier v. Chamberlain* (1966), 35 Ill.2d 351, 355-221 N.E.2d 410, and *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill.2d 180, 192, 226 N.E.2d 6. Since *Monier v. Chamberlain* originated in this court, we are quite alert to the desir-

ability of full disclosure and to the principle that the purpose of litigation is best served when each party knows as much about the controversy as is reasonably practicable. (*Drehle v. Fleming* (3rd Dist. 1970), 129 Ill.App.2d 166, 171, 263 N.E.2d 343, 348, *aff'd*, 49 Ill.2d 293, 274 N.E.2d 53). We are also aware of the wide discretion conferred upon a trial judge who is in control of such discovery (*Cohn v. Board of Education* (1970), 118 Ill.App.2d 453, 456, 254 N.E.2d 803).

■■ We note, however, as emphasized by plaintiff and plaintiff's counsel, that there is no specific provision in the rules for so-called "destructive testing." If the court embarks on a course to provide for destructive testing, adequate protective measures must be provided for. Certainly under any method of testing, the testing should be relevant to the issues framed by the pleadings and the information must not be obtainable in any other less destructive way. Also, fundamentally, it should be made relatively certain that the alteration or destruction of the item will not impair or prevent adequate presentation of the case of the adversary. In the cause before us the trial court indicated that photographs of the hammer would suffice as plaintiff's evidence. In plaintiff's view of the case, this might not be wholly sufficient. Plaintiff, however, insists that the issue here is whether existing Supreme Court Rules, which provide for full disclosure and discovery, can be interpreted to permit destructive testing of the hammers. Both parties agree that there is no express language permitting such testing in the Rules. Plaintiff insists that there can be no implication that the rules would permit such testing, and that the provisions for disclosure should not be interpreted to sanction destructive testing. They point to *Droste v. Kerner* (1966), 34 Ill.2d 495, 217 N.E.2d 73, in which the court emphasized that the primary consideration for interpreting language whether in rules or legislative enactments, is to find the meaning in the plain language employed. Consequently, plaintiff reasons that full disclosure can hardly be indicative of an authorization for destructive testing. Similarly, the use of the word "inspect," plaintiff insists, could not be so interpreted. *Rosewood Corp. v. Transamerica Insurance Co.* (1972), 8 Ill.App.3d 592, 290 N.E.2d 656.

■■ We agree that the Supreme Court Rules, which specifically delineate the rights of the parties, do not expressly sanction destructive testing. While we might be inclined to expand such interpretation, we believe this would involve a policy question which should be determined by the Supreme Court, particularly since it may involve a possible amendment of the Supreme Court Rules, or an interpretation not heretofore approved by the Supreme Court. Since the Supreme Court Rules do not expressly sanction such testing, we believe we are required to

conclude that the trial court, in the instant case, abused its discretion in directing that such destructive testing be ordered. The consequent contempt order was not justified and should be reversed.

We should note that sanctioning testing of certain material objects in some cases is reasonably obtained by permitting a portion of the object, such as a fluid, to be tested. In such event, the rights of the adversary are readily protected. Where the object itself may be totally destroyed or so altered as to make it difficult to present the claim of plaintiff, then protective arrangements, which could avoid an improper or unfair result, are obviously indicated. Perhaps a rule which would establish guidelines, and vest a large area of discretion in a trial court, but which would in fact sanction the testing, should be adopted by the Supreme Court. In absence of any such rule, however, we do not believe that we are authorized to approve of such procedure.

For the reasons stated, the order of the Circuit Court finding the attorney for plaintiff in contempt and fining him is reversed, and this cause is remanded to the Circuit Court of Will County for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and STENGEL, J., concur.