HERBERT F. KLICK, Plaintiff-Appellant, *v.* R. D. WERNER COMPANY, INC., *et al.*, Defendant-Appellee.—(NAT P. OZMON, Appellant.)

First District (4th Division)    No. 61368

Opinion filed May 12, 1976.—Supplemental opinion filed upon denial of rehearing June 10, 1976.

Horwitz, Anesi, Ozmon & Associates, Ltd., of Chicago, for appellant.

Garretson & Santora and Jerome H. Torshen, Ltd., both of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Herbert F. Klick, and his attorney, Nat P. Ozmon, appeal from a judgment entered by the Circuit Court of Cook County on December 9, 1974, finding Nat P. Ozmon to be in contempt of court and fining him $100 for his refusal to comply with the terms of certain production orders.

The issue on appeal is whether the court abused its discretion by denying plaintiff the right in a products liability action to be present, or to have his chosen representative present, during any examination or testing of the allegedly defective product by the defendant or the defendant's agent.

The plaintiff was injured on June 21, 1972, allegedly as the result of the collapse of a ladder. He then filed an action against several defendants including the manufacturer of the ladder, R. D. Werner Company, Inc., based on a theory of products liability, in that the ladder was not reasonably safe in design for its intended use.

On June 27, 1974, the court ordered the plaintiff to produce the ladder for "inspection, photographing, non-destructible testing and analysis" to the defendant's expert, Ralph Barnett of Tryodyne, Inc. On October 22,

1974, the attorneys for the plaintiff wrote a letter to defendant's attorneys stating they would produce the ladder if they were allowed to have a representative present during any test. The defendant's attorneys refused to agree to such a condition and on November 14, 1974, moved for, and obtained, a court order compelling production of the ladder without providing for the presence of any of plaintiff's representatives during testing by Werner's experts.

On November 15, 1974, plaintiff moved to modify the production order to provide that he could have a representative present during testing. In an affidavit, Tim O'Brien, one of the plaintiff's attorneys, stated the basis of his motion was a telephone conversation he had with Mr. Feinstein of Tryodyne, Inc., in which Mr. Feinstein stated that some destructive testing was going to be performed upon the ladder. The court denied the motion for modification, required the plaintiff to produce the ladder *instanter,* and granted counsel time to file memoranda with respect to sanctions. On December 4, 1974, the court heard arguments and held there was no basis in fact for plaintiff's fear the ladder would be destroyed. The court stated the defendant's attorney was fully cognizant there was to be absolutely no destructive testing. Upon the refusal of Nat P. Ozman to produce the ladder, the following colloquy took place:

"MR. OZMON: I think the area needs clearing, Judge. I think it's not clear. I take a completely different point of view than you take concerning this. I'm taking that point of view, and I suppose I have to willfully defy the Court; but, as you understand, I do it with respect and deference to the Court, but I believe my client's rights are impaired and a lot of plaintiffs' rights are impaired by such an order.

THE COURT: This is a professional matter. You have served— Your point is well taken.

For the record, let me state this: This is a matter that frequently comes to this Court, and it always—almost invariably involves the taking of an object away from the plaintiffs, giving it to the defendant.

This is a situation where the plaintiffs are very loathe to do something like that, just as you are here.

As a matter of course, I have made some inquiry into the situation, to see—some threshhold inquiry, anyway. Generally, I allow the inspection to take place and to take place at the defendant's discretion, just as long as there is to be—virtually understood that there is no destructive testing.

I make these statements, because I think, obviously, you are taking an appeal on this case, and I think the Appellate Court should be advised that this is a recurrent problem * * *."

The plaintiff contends the production order constituted an abuse of discretion because a reasonable order in a products liability case would include a provision allowing for a plaintiff's representative to be present during examination or testing. The main function of such a protective order would be to afford the plaintiff some assurance as to his product's continued integrity. It would also obviate the necessity of seeking sanctions at a later time if the product were mishandled and would maintain the integrity of the "chain of possession" of the product.

Supreme Court Rule 214 (Ill. Rev. Stat. 1973, ch. 110A, par. 214) which provides for discovery does not specifically refer to the testing of a product, and Supreme Court Rule 201(c)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 201(c)(1)), relied on by the plaintiff, does not provide for a representative to be present during such tests, but it does give the court authority to protect any party in a wide range of circumstances. That Rule states:

> "(1) *Protective Orders.* The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression."

The Illinois Supreme Court has also given the trial courts great authority to regulate discovery in a wide variety of circumstances in the cases of *Monier v. Chamberlain* (1966), 35 Ill. 2d 351, and *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180.

■■ We believe the plaintiff should be allowed to have a representative present during testing in these circumstances where the object tested is the basis of the claim, and it was an abuse of discretion for the trial court to have denied this right. The object to be tested is the plaintiff's evidence, and he has the right and duty to his client to control it so it will not be damaged or tampered with in any way.

If a defendant desires to test or inspect the evidence, the court should dictate guidelines for the control of the evidence.These guidelines should set forth what tests or inspection may be conducted, when, where and by whom, who may be present, including representatives of all parties to the cause, how far the tests or inspection can go and what authority each of the parties shall have in that regard. This type of protection should be neither burdensome nor prejudicial to the defendant and has been ordered on a discretionary basis in courts in Ohio and New York. *Levin v. Cleveland Welding Co.* (1963), 118 Ohio App. 389, 187 N.E.2d 187; *Petruk v. South Ferry Realty Co.* (1956), 2 App. Div. 2d 533, 157 N.Y.S.2d 249; *Salzo v. Vi-She Bottling Corp.* (1962), 37 Misc. 2d 357, 235 N.Y.S.2d 585; *Nasoff v. Hills Supermarket, Inc.* (1963), 40 Misc. 2d 417, 243 N.Y.S.2d 64.

■■ This type of protective order is not likely to violate the spirit of full disclosure which underlies the discovery rules and is likely to further the principle that litigation is best served when each party knows as much about the controversy as is reasonably practicable. (*Sarver v. Barrett Ace Hardware, Inc.* (1975), 29 Ill. App. 3d 195; *Drehle v. Fleming* (1970), 129 Ill. App. 2d 166, *aff'd* (1971), 49 Ill. 2d 293.) We do not believe this type of order would inhibit pretrial settlements or limit the scope of discovery.

■■ The defendant's contention that his attorney's work product would be disclosed is not persuasive. Supreme Court Rule 201(b)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 201(b)(2)) does not apply because it cannot be reasonably argued that an objective, scientific test discloses the "theories, mental impressions, or litigation plans of the party's attorney." This is not the same situation wherein counsel seeks advice of experts as to the "proper technical interpretation of certain facts and of the state of technical information, * * *." *Carpenter-Trant Drill Co. v. Magnolia Petroleum Corp.* (D. Neb. 1959), 23 F.R.D. 257, citing *Hickman v. Taylor* (1947), 329 U.S. 495, 91 L. Ed. 450, 67 S. Ct. 385.

For these reasons, the judgment of the Circuit Court of Cook County is reversed and this cause is remanded to the Circuit Court for further consideration within the guidelines herein expressed.

Reversed and remanded.

JOHNSON, P. J., and ADESKO, J., concur.


SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING


Mr. JUSTICE DIERINGER delivered the supplemental opinion of the court:

■■ In its petition for rehearing, defendant-appellee R. D. Werner Company, Inc., calls our attention to the case of *Sarver v. Barrett Ace Hardware, Inc.,* an opinion of the Illinois Supreme Court rendered May 14, 1976, Docket No. 47763. We are aware of this case and feel it supports our decision in the instant matter. In its opinion, the Supreme Court says testing comes within the discovery rule and shall be controlled by the order of the trial court. There is nothing in the decision contrary to our holding in the instant case.

The petition for rehearing is denied.

Denied.

JOHNSON, P. J., and ADESKO, J., concur.