## Rea v. Schmocker

*Arnold M. Friedman,* for plaintiffs.
*James A. Beinkemper, Sr., Edward L. Miller, Richard J. Mills* and *Daniel B. Winters,* for defendants.

WETTICK, *J.,* March 16, 1978 — In this action,

plaintiffs seek damages for injuries which Mitchell Rea sustained when a firearm allegedly manufactured by Sturm, Ruger and Company, Inc. (hereinafter referred to as "Sturm"), discharged upon being dropped to the ground by defendant Karl Schmocker. The firearm is owned by and in the possession of plaintiffs. According to plaintiffs' counsel, the firearm is an essential part of plaintiffs' case.

Sturm filed a motion for production in which it alleges that it cannot properly prepare a defense to this action without inspecting and testing the firearm and holster. Sturm wishes this inspection and testing to be conducted at offices of its expert witness in Massachusetts. Sturm has assured this court that its inspection and testing will in no way alter the firearm and holster.

Plaintiffs filed a motion for a protective order in which they request this court to prohibit this inspection and testing except in the presence of plaintiffs' representative and to bar any destructive testing.

A party's right to inspection is governed by Pa.R.C.P. 4009(1) which provides:

"Subject to the limitations provided by Rule 4007(a) and Rule 4011, the court, on the motion of a party may

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner, of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control."

By its express language, Rule 4007 only empowers a court to order a party "to produce" and "to permit the inspection" of designated objects. At

least one court has ruled that this language does not empower a court to compel a party to relinquish possession of its property. See Davis v. Firestone Tire & Rubber Company, 72 D. & C. 2d 242 (Phila. 1975). 5 Anderson Pa. Civ. Prac., §4009.13 construes Rule 4009 in the same manner: "Rule 4009 permits only the inspection and examination of things and property. There is no authorization to transmit or send evidence to any one or any place for examination."

However, through our rules of discovery "[w]e have moved away from . . . 'the sporting theory of justice' and have embraced a theory of wide-ranging and mutual discovery" in order to provide protection against "surprise evidence which can be proven false or which can be put in a truer and less damaging light if there is the opportunity to investigate the matter and produce rebutting or qualifying facts." Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, 507, 259 A. 2d 451, 453 (1969). Moreover, the rules governing discovery are remedial and it is hornbook law that remedial legislation is to be construed liberally. See Cancilla v. Saroczak, 125 Pitts. L.J. 359, 363 (1977), and cases cited therein at fn. 1. These principles suggest that a plaintiff, as the moving party, cannot rely on proprietary rights to defeat a defendant's opportunity to prepare its case.

In the instant case, we need not resolve this issue because Sturm's proposed inspection and testing can take place within one day in the presence of plaintiff's counsel or his representative. Moreover, plaintiffs' counsel has offered to transport the firearm and holster, at plaintiffs' expense, to the Massachusetts office of Sturm's expert at an agreed upon date and time. Thus the only issue which this court must decide is whether plaintiffs are entitled to a protective order permitting inspection and test-

ing subject to the conditions and limitations which plaintiffs propose.

Sturm opposes plaintiffs' request for a protective order on the grounds that the presence of plaintiffs' representative may interfere with the inspection and testing; that it imposes a burden on defendants' expert to schedule in advance the exact time and date on which the expert will examine the firearm; and that by observing the testing procedures, plaintiffs can benefit from the inspection and testing conducted by Sturm's expert, contrary to Pa.R.C.P. 4011(d).

Rule 4009 is discretionary. Thus this court may attach reasonable conditions and limitations to an order permitting inspection.

The conditions and limitations which plaintiffs propose are reasonable. Plaintiffs, as the moving party in this law suit, have a strong interest in insuring that the firearm is not lost, destroyed or altered. The conditions and limitations which plaintiffs seek will protect this interest without imposing significant burdens on Sturm.*

We conclude by quoting from a ruling in Klick v. R.D. Werner Co., 38 Ill. App. 3d 575, 348 N.E. 2d 314 (1976), permitting plaintiff's representative to be present during the testing of a ladder belonging to plaintiff which was the subject matter of plaintiff's product liability action.

---

*The purpose of the clause of Rule 4009 subjecting the court's power to order inspection to the limitations provided by Pa.R.C.P. 4007(a) and Pa.R.C.P. 4011 is to protect the party against whom the inspection order will run by barring a court from permitting inspection of matters placed outside the scope of discovery by Rules 4007(a) and 4011. This clause is not meant to enlarge the rights of a party seeking a court order to permit inspection. For this reason, we reject Sturm's contention that Rule 4011(d) bars this court from permitting plaintiffs' representative to be present during Sturm's testing.

"We believe the plaintiff should be allowed to have a representative present during testing in these circumstances where the object tested is the basis of the claim, and it was an abuse of discretion for the trial court to have denied this right. The object to be tested is the plaintiff's evidence, and he has the right and duty to his client to control it so it will not be damaged or tampered with in any way." 38 Ill. App. 3d at 578, 348 N.E. 2d at 316-317.

ORDER

And now, March 16, 1978, it is hereby ordered, adjudged and decreed that:

(1) Plaintiffs shall permit Sturm, Ruger and Company, Inc.'s representative to inspect and test the firearm and holster which are the subject of this action, provided that said firearm shall be restored to its present condition immediately following said inspection or testing and that no inspection or testing shall be conducted which involve any risk that the firearm and holster cannot be so restored;

(2) Said inspection and testing may be conducted at the offices of Sturm's expert witness at a time and date agreed upon by the parties and shall not exceed one working day;

(3) Plaintiffs may select a representative to be present throughout said inspection and testing. Said representative may be present to insure that no destructive testing occurs and shall not otherwise interfere with said inspection and testing; and

(4) Subject to the provisions of paragraphs 1-3, said firearm and holster shall remain in the possession and control of plaintiffs and their representative.