John C. Leonard, Plaintiff-Counter Defendant-Appellee, v. Frances G. Jacobs, Defendant-Counter Plaintiff-Appellant.

**Gen. No. 10,468.**

Third District.

August 20, 1963.

 

Dunn, Dunn & Brady, and Campbell, Markowitz & Lawrence, all of Bloomington, for appellant.

Chester Thomson, and Costigan, Wollrab & Yoder, all of Bloomington, for appellee.

REYNOLDS, J.

This is an appeal from the judgment and order of the Circuit Court of McLean County, Illinois, denying motion and petition for new trial. Since this appeal involves another cause pending appeal in this court, a brief history is necessary.

John Leonard recovered judgment for $20,000 against Frances G. Jacobs in the Circuit Court of McLean County, Illinois, for injuries sustained by reason of alleged negligence on the part of Jacobs. The case was tried before a jury. The injuries claimed on the part of Leonard were injuries to his arm, his leg, and to his neck. Three doctors testified for the plaintiff, two for the defendant. Jacobs appealed the judgment to this court, and that case is now pending in this court as Cause No. 10,415. While the appeal in Cause No. 10,415 was pending, defendant, or her insurance carrier, employed a private investigator named James A. Pikoulas to watch Leonard and take motion pictures of Leonard at work. Over a period of several months, Pikoulas spent some fifty hours watching Leonard and taking pictures of him, and as a result of his surveillance and picture taking, obtained motion picture films for about 45 minutes of exposure. Apparently the pictures were intended to show that Leonard could move his head freely and easily from side to side without limitation and without pain. The three doctors for the plaintiff in the original trial, Dr. Vidziunas, Dr. Shultz, and Dr. McNutt had testi-

fied that Leonard had very restricted motion of his head, that there was pain and the injury was permanent. There was testimony of injury to other parts of his body, but that will be discussed later in this opinion.

Frances Jacobs filed her petition in the nature of a motion for a new trial in this court. The petitioner was ordered to file her petition in the Circuit Court of McLean County, and that court directed to hear and dispose of the petition. Leonard having filed an answer and affirmative defense and Jacobs having filed her reply, the matter was heard by the Circuit Court of McLean County on the petition, the answer and reply. The Court heard evidence and viewed certain motion pictures and photographic exhibits of the petitioner. The motion and petition for a new trial were denied. From the order denying a new trial Jacobs appeals to this court.

This is a proceedng under Section 72 of the Civil Practice Act. Prior to 1955, Section 72 provided for the abolishment of the writ of error coram nobis, and permitted correction of errors of fact in judicial proceedings by motion in writing at any time within five years after rendition of final judgment. The new Section 72, adopted in 1955, replaces and greatly expands the former section. It prescribed one simple but comprehensive procedure applicable alike to law, equity and statutory proceedings, by which, after 30 days, a litigant may seek to be relieved from a final judgment or decree.

The section as revised in 1955 is not limited to matters formerly corrected by the writ of error coram nobis. It applies to all post-judgment procedure. All relief heretofore obtainable and the grounds for relief heretofore obtainable, either at law or in equity, are now available under this revised Section 72. The time has been reduced to two years after the entry of the judgment or decree.

263

■ While subsection 2 of Section 72 provides that the petition must be filed in the same proceeding in which the order, judgment or decree was entered, the petition and orders concerning the same is not a continuation of the old case, but is a separate cause. The petition must be supported by affidavit. In this cause, the petition was supported by the affidavit of Pikoulas, the private investigator. The issue presented on this appeal is whether the trial court abused its discretion in denying the motion for a new trial.

While a reviewing court has the power to reverse the action of a trial court denying a motion for a new trial, it will not do so except in case of a clear abuse of discretion. This rule is well established. However, the action of a trial court in granting or denying a new trial is not sacrosanct and in a proper case the reviewing court may reverse the judgment or decree, if that judgment or decree is clearly and palpably erroneous. Dobie v. Livengood, 12 Ill App2d 343, 139 NE2d 599. But it must be clearly and palpably erroneous to authorize the reviewing court to reverse. Horn v. Horn, 5 Ill App2d 346, 125 NE2d 539; Elliott v. Pure Oil Co., 10 Ill2d 146, 139 NE2d 295; In re Senesac, 17 Ill App2d 290, 149 NE2d 452. Here, the trial court heard the testimony of Pikoulas, and saw and examined the motion pictures and photographic exhibits. As a trier of fact, his judgment must be accorded the same weight as that of a jury. Unless the judgment is clearly against the manifest weight of the evidence it must stand. In re Senesac, 17 Ill App2d 290, 149 NE2d 452; Horns v. Johnson, 17 Ill App2d 314, 149 NE2d 437; Copeland v. Copeland, 16 Ill2d 11, 156 NE2d 524.

■ Section 72, as revised in 1955, is so recent that there is little case law as yet construing the section. In construing it, the rules governing a motion for new trial must be used to determine whether the petitioner is entitled to relief. Here, the petitioner contends that the evidence of Pikoulas and the pictures

is newly discovered evidence. To justify a new trial on the grounds of newly discovered evidence, it must be of such a conclusive character that it will probably change the result if a new trial is granted. Taylor v. Atchison, T. & S. F. Ry. Co., 292 Ill App 457, 11 NE2d 610; People ex rel. Oemke v. Schuring, 288 Ill App 451, 6 NE2d 217; Roberts v. McDaniel, 22 Ill App2d 485, 161 NE2d 47. Whether such evidence is sufficient to grant a new trial is within the sound discretion of the trial judge, and in granting a new trial the trial judge must be accorded considerable discretion. Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717.

The petitioner must show diligence. Here, petitioner claims diligence and that the facts alleged in the petition could not have been discovered before.

While not decided on the precise question here, the case of Henderson v. Shives, 10 Ill App2d 475, 135 NE2d 186, discussed the basic requirements or burdens upon the petitioner to justify a new trial. First, the newly discovered evidence must appear to be of such conclusive character that it will probably change the result if a new trial is granted; second, it must have been discovered since the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must not be merely cumulative to the evidence offered on the trial. And, in that case, the matter of the discretion of the trial court is again stated in these words: "The disposition of motions of this nature is largely discretionary with the trial court, and the exercise of its discretion will not be disturbed except in a case of manifest abuse."

■ Applying the basic requirements as outlined in the Henderson v. Shives case to this case, assuming that the petitioner has been diligent and that the evidence could not have been discovered before the trial, the two questions that must be answered are, (1), is

the evidence of such character that it will probably change the result if a new trial is granted?; (2), is the evidence merely cumulative? Giving every consideration and full weight to the pictures and the evidence of the private investigator, it is the opinion of this court that the answer to the first question is "No" and to the second question is "Yes." Pikoulas admitted that the pictures were defective as to facial expression. On certain days, over a period of months, he observed and took pictures of Leonard of about fifty hours. The motion pictures so secured could be shown in less than one hour. There is no evidence to show that the movements of Leonard were or were not accompanied by pain. There is nothing in the pictures or the evidence to show whether the arm that was injured had improved. With fifty hours of surveillance it appears the witness Pikoulas took pictures only when he thought they would show Leonard moving his head without turning his body. In other words, the pictures could have been edited, and the ultimate result of the film would show only those scenes favorable to the petitioner. Such evidence is not conclusive standing by itself, without any contradictory evidence. With the evidence of the three doctors testifying the plaintiff had great limitation of movement of the head, that it was attended by pain and that the condition was permanent, such motion picture evidence is even less conclusive.

The case of Great American Indemnity Co. v. Brown, 307 F2d 306, involved a similar question. There the insurance company procured some 400 feet of motion pictures showing the plaintiff at work. The court in that case held that the evidence of the pictures was merely cumulative in that they tend to merely discredit, contradict or impeach a witness, and that such evidence does not afford a basis for the granting of a new trial.

266

The trial court held that there was no evidence presented by the petitioner either by way of testimony, motion pictures, photographs, affidavits or otherwise, upon which the court could properly predicate an order for a new trial; that the evidence was merely cumulative of that already in the record; that there was no fraud alleged or proved; that there was no showing that the judgment was excessive, in view of the injuries of the plaintiff. This court believes the findings of the trial court to be correct. The judgment will be affirmed.

Affirmed.

CARROLL, PJ and ROETH, J, concur.