Daisy E. Drehle, Administratrix of the Estate of Carl W. Drehle, Deceased, Plaintiff-Appellant, v. Frances E. Fleming, Administrator of the Estate of Michael Fleming, Deceased, Defendant-Appellee.

Gen. No. 69–12.

Third District.

September 18, 1970.

Rehearing denied November 12, 1970.

RYAN, P. J., dissenting.

Robson, Masters, Ryan, Brumund & Belom, and O'Brien, Faulkner & Garrison, of Joliet, and Sidney Z. Karsasik, of Chicago, for appellant.

Dunn, Stefanich, McGarry & Kennedy, of Joliet, for appellee.

STOUDER, J.

Daisy Drehle, Administratrix of the estate of Carl Drehle, deceased, brought this action in the Circuit Court of Will County for wrongful death against Frances Fleming, Administrator of the estate of Michael Fleming, deceased. The jury found the issues in favor of defendant, the court entered judgment thereon, denied plaintiff's post-trial motion, and this appeal follows.

On July 17, 1965, at about 6:30 a. m. a four-car collision occurred in Will County on I–55 south of the Des Plaines river bridge. Seven persons died in the collision, including plaintiff's decedent, Carl Drehle, and defendant's decedent, Michael Fleming.

The collision occurred in the southbound lanes of I–55 and it is undisputed that the collision resulted from a car being driven the "wrong way" or north on the southbound lanes. According to plaintiff's complaint and theory of the case, the northbound vehicle was driven by Michael Fleming. It was defendant's contention that it was not Fleming who was driving north, but rather Carl Drehle, plaintiff's decedent.

Carl Drehle, aged 50, resided in New Lennox, Illinois. He was a construction worker employed on a pipe line at the Greer School in the Coal City area. He left for work on July 17, 1965, at about 6 a. m. alone in his car, a 1958 Ford, white over gray.

According to the testimony of William Fleming, a resident of Chicago, his son Michael was home on furlough from the Navy. Between 8 and 8:30 p. m. on July 16, 1965, Michael requested and was granted permission to use his father's car, a 1958 gray Buick. The son informed his father that he might go to a party with friends. He drove off in the car alone, did not return home again that night, and was not again seen alive by his father.

When the bodies of the deceased persons were removed from the crash scene, it appeared that Drehle was

alone in his car but that in addition to Fleming, there were three other passengers in his car who were also killed in the crash.

Five witnesses testified for plaintiff and four witnesses testified for defendant concerning events occurring just prior to the collision, tending to support the opposing view of each party. Two of plaintiff's witnesses, husband and wife, were the driver and passenger in the fourth car involved in the collision. They were headed south and their testimony tended to indicate that it was Drehle in his Ford who passed them just prior to the crash in which both their car and the Drehle car were involved. The other three witnesses for plaintiff and the four witnesses for defendant testified to meeting and avoiding a northbound car traveling in the southbound lanes. The three witnesses for plaintiff indicated that the northbound car was the Fleming Buick and the four for defendant that it was the Drehle Ford. The testimony of these witnesses is irreconcilable and while such testimony has a tendency to prove which vehicle was northbound, it is subject to the frailties incident to casual observation.

James Stannard Baker, an accident reconstruction expert, testified on behalf of plaintiff and offered the opinion based on the facts he observed, that the Drehle car was southbound and the Fleming car northbound at the time of the collision.

After judgment was entered on the jury's verdict of not guilty, plaintiff moved for a new trial, arguing initially among other reasons, that the trial court erred in refusing certain of plaintiff's instructions. Thereafter, plaintiff's post-trial motion for a new trial was amended to include as reasons therefor that material evidence had been withheld by defendant or alternatively, that the plaintiff had discovered new evidence requiring a new trial.

According to the amended post-trial motion and affidavits in support of and in opposition thereto, it appears that a companion action had been filed by other parties injured in the collision. In such action which was pending and undisposed of at the time of the trial in the case at bar, the estates of Drehle and Fleming were each named defendant. On April 30, 1968, some three months after the verdict in the instant case was returned, interrogatories in the companion case resulted in the production of a statement of one Pepole, dated July 28, 1965. The substance of Pepole's statement was that he had been with Michael Fleming and the other occupants of the Fleming car at a party in a Chicago motel. The party which lasted from approximately 12:30 to 4:30 a. m. on the morning of July 17, 1965, was for the purpose of celebrating the departure of two friends into service. According to Pepole, he saw Fleming and his companions leave the Chicago motel in the Fleming car, and, at the time, (4:30 in the morning) Fleming was driving.

Defendant's insurance carrier employed separate and independent law firms to defend each of the cases. The Pepole statement was originally produced by Frank Pause, Attorney for the Fleming estate in the companion action, and it is this statement, together with the accompanying circumstances which plaintiff claims in its amended motion for a new trial, requires the granting of such a new trial.

In November, 1967, plaintiff served Monier type interrogatories on defendant's counsel which were made reciprocal by the court. Reciprocal supplemental interrogatories were served in January, 1968, just before the trial commenced. On December 15, 1967, counsel for each of the parties met, exchanged statements and other information. The Pepole statement was not given to plaintiff's counsel. Neither Pepole's existence nor the

fact of his statement was referred to by defendant's counsel.

In her amended post-trial motion, plaintiff asserted that Pepole was known to and his statement was in the possession of defendant or his agents. In his affidavit, opposing plaintiff's new trial motion, defendant's counsel states, "9. That the list of statements in the foregoing paragraph were the only statements of persons who had knowledge of the matters alleged in plaintiff's Complaint that were in your affiant's file at the time that the conference between Attorney Belom and your affiant was held. Your affiant did not have a copy of the statement of Frank F. Pepole until it was given to me by Attorney George M. O'Brien on May 15, 1968."

Plaintiff argues that contrary to the trial court's conclusion, the nonproduction of the Pepole statement was deliberate and, therefore, a new trial ought to have been granted.

██ Culminating with Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410, the principle is now well established that the purposes of litigation are best served when each party knows as much about the controversy as is reasonably practicable. It is the purpose of pretrial discovery procedures to enhance the truth seeking process, and good faith compliance with such procedures is both desirable and necessary. Courts have ample authority to secure compliance with pretrial discovery proceedings, including the award of a new trial, where the noncompliance is substantial and not in good faith. Battershell v. Bowman Dairy Co., 37 Ill App2d 193, 185 NE2d 340.

██ In the case at bar, we find it unnecessary to determine whether the trial court abused its discretion in failing to award a new trial solely because of defendant's failure to comply with the interrogatory procedure.

171

In our view, a new trial is required by the application of rules relating to newly discovered evidence and the trial court's conclusion to the contrary is unsupported by the evidence. The reciprocal interrogatories which formed the basis for the mutual disclosure sought were sufficiently broad to require production of the information regarding Pepole. Frozen Food Express v. Modern Truck Lines, Inc., 79 Ill App2d 84, 223 NE2d 275. Although defendant's counsel makes some reference to inadequacies in the interrogatories, we find no merit to such contention, particularly when counsel's own affidavit as quoted above, clearly indicates that the nonproduction of the statement was unrelated to the form of the interrogatories. Considering the affidavit of defendant's counsel in its aspect most favorable to him, such affidavit is wholly inadequate to support the conclusion that the noncompliance with the interrogatories was in good faith. Not only does the affidavit fail to deny that Pepole and his statement were known to defendant or his agents, it also offers no explanation or excuse for such nondisclosure consistent with the purpose and spirit of the discovery rules.

As observed in Bezark v. Kostner Manor, Inc., 29 Ill App 106, 172 NE2d 424, "Applications for a new trial on the grounds of newly discovered evidence are not looked on with favor by the courts and are subject to close scrutiny. 28 ILP, New Trial, § 41. Where there is diligence, and the newly discovered evidence is not cumulative and is such as to strengthen the conviction that justice has not been done, a new trial should be granted. The courts should not hesitate to grant a new trial where it is likely that the newly discovered evidence will change the result on a new trial." See, also, Henderson v. Shives, 10 Ill App2d 475, 135 NE2d 186, Stocker v. Scherer, 1 Ill2d 405, 115 NE2d 614, and Powers v. Browning, 2 Ill App2d 479, 119 NE2d 795.

172

■ Where a party has resorted to pretrial discovery procedures and the opposing party fails to comply in good faith therewith, such procedure constitutes the exercise of appropriate diligence. The noncomplying party cannot complain when its own neglect caused the nondiscovery of significant evidence.

■ In determining the materiality of newly discovered evidence, the principal criteria is whether such evidence has a strong likelihood of changing the result. The evidence of Pepole is not merely cumulative, but relates to facts and circumstances supporting plaintiff's theory of the case with respect to which other evidence is absent.

The principal issue in the case was the identification of the northbound car and its driver. The jury deliberated for nearly seven hours before reaching its verdict. As noted above, the occurrence testimony represented perceptual impressions which were, at best, incomplete and difficult to assess. This is particularly true with respect to the identity of the driver of the Fleming car. We believe Pepole's testimony would have a strong likelihood of changing the result.

Our view in this regard is supported by another aspect of this case. Plaintiff tendered three alternative instructions which in varying language, sought to instruct the jury on the "continuous fact doctrine," the court rejected the instructions, first, because they were abstract in nature and, second, because not supported by the evidence. The court concluded that the fact Fleming was seen driving the car at 8:30 p. m. did not warrant an instruction suggesting that he was, therefore, driving the car at 6:30 a. m. on the following morning. In view of our decision, we find it unnecessary to determine the propriety of the instructions and we mention them only to point out that both parties believed that the time when Fleming was last seen driving his car was of substantial importance.

173

For the foregoing reasons, the judgment of the Circuit Court of Will County is reversed and remanded with directions that plaintiff be granted a new trial.

Judgment reversed and remanded with directions.

ALLOY, J., concurs.

RYAN, P. J., dissents.

## DISSENTING OPINION

RYAN, P. J.

I cannot concur with the opinion of the majority of this court which holds that a new trial is required by the application of the rules relating to newly discovered evidence.

The determination of a motion for a new trial on the grounds of newly discovered evidence is largely discretionary with the trial court. 28 ILP, New Trials, § 98. The exercise of the court's discretion will not be disturbed on review except in case of manifest abuse. Stocker v. Scherer, 1 Ill2d 405, 115 NE2d 614; Leonard v. Jacobs, 42 Ill App2d 261, 192 NE2d 304; Henderson v. Shives, 10 Ill App2d 475, 135 NE2d 186.

To justify a new trial on the grounds of newly discovered evidence, it must be of such conclusive character that it will probably change the results if a new trial is granted. Leonard v. Jacobs, supra; Henderson v. Shives, supra.

As noted in the memorandum filed by the trial court, one of the principal questions presented by the evidence in this case was the question of which of the two automobiles, the Fleming Buick or the Drehle Ford was traveling northward in the southbound lanes of the interstate highway. The trial court reviewed the conflicting evidence which related not to the question of who was driving the Fleming Buick, but whether it was the Fleming

174

Buick or the Drehle Ford which was traveling in the wrong direction on the one-way highway. The trial court correctly concluded that it was within the province of the jury to weigh this conflicting testimony. Citing Henderson v. Shives, supra, the trial court held that the burden is on the applicant for a new trial to rebut the presumption that the verdict of the jury is correct.

The memorandum of the trial court in concluding stated:

"Frank F. Pepole was not an occurrence witness. It does not appear to the Court from the statement of Mr. Pepole, which the plaintiff attached as an exhibit to the amendment to her post-trial motion, that the testimony which Mr. Pepole might give would be of such conclusive character that it would probably change the result if the new trial was granted."

I cannot conclude that this determination by the trial court was an abuse of its discretion. The newly discovered evidence was that of a person who was not an occurrence witness. It related to the question of who was driving the Fleming automobile two hours before the accident and many miles away from the scene thereof. Whether Fleming or someone else was driving his automobile was not material. The question was whether the Fleming automobile was going north or south in the southbound lane of the highway. I agree with the conclusion of the trial court that it does not appear that the testimony of Mr. Pepole would be of such conclusive character that it would probably change the result if a new trial were granted.

Applying the well-established rules of law stated above, I am of the opinion that the applicant for a new trial did not rebut the presumption that the verdict of the jury was correct; that it does not appear that the newly discovered evidence is of such conclusive charac-

175

ter that a changed result is probable if a new trial is granted and that the court in exercising its discretion in passing upon the motion for a new trial did not therefore manifestly abuse its discretion in denying the same.

Accordingly, I am of the opinion that the decision of the trial court should be affirmed.