THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. WILMA WILLIFORD, Respondent-Appellant.

Fifth District    No. 5—94—0321

Opinion filed April 20, 1995.

John B. Lower, Jeff M. Plesko, and Penelope S. Karnes, all of Guardianship and Advocacy Commission, of Anna, for appellant.

H. Wesley Wilkins, State's Attorney, of Jonesboro (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On April 14, 1994, the circuit court of Union County entered an order authorizing the involuntary administration of psychotropic medication to respondent, Wilma Williford, pursuant to section 2—107.1 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2—107.1 (West 1992)). Williford appeals from that order, arguing that the trial court erred in denying her discovery request with respect to the petition for involuntary administration of psychotropic medication, and that the State failed to present clear and convincing evidence of all the facts prerequisite to such an order. We reverse because we find that the trial court abused its discretion in denying respondent's prehearing discovery request.

On March 25, 1994, a petition was filed in the circuit court of Union County by Ralph Eisaman, M.D., respondent's attending psychiatrist, seeking an order authorizing the involuntary administration of psychotropic medication to respondent. The petition alleged, *inter alia*, that respondent lacked the capacity to make a reasoned

decision about the medication, one of the facts required to be proved by section 2—107.1 of the Code.

On that same date, respondent, through the Legal Advocacy Service, filed an interrogatory propounded to petitioner pursuant to Supreme Court Rule 213 (134 Ill. 2d R. 213), consisting of one question:

> "State everything you relied upon to make the allegation that the Respondent lacks the capacity to make a reasoned decision about the medication."

The interrogatory was served on the assistant State's Attorney for Union County. Also on that same date, respondent, through the Legal Advocacy Service, filed a motion to require petitioner to answer the interrogatory, alleging, *inter alia*, that petitioner's attorney had indicated his unwillingness to voluntarily answer the interrogatory.

The parties were ordered to submit written authority in support of their respective positions on the discovery request, and both parties complied. On April 11, 1994, the circuit court made a docket entry order which denied respondent's petition to require petitioner to answer the interrogatory. No explanation for the court's decision was provided.

The cause proceeded to a hearing on the petition for involuntary administration of psychotropic medication, the court found that the State had established by clear and convincing evidence the required facts, and an order was entered authorizing the involuntary administration of psychotropic medication to respondent.

On appeal, respondent argues that the trial court erred in denying her discovery request because she had a statutory right to such discovery or, in the alternative, even in the absence of such a right to discovery, that the trial court abused its inherent discretion to allow discovery by denying her request. She further argues that she was prejudiced by the denial of her discovery request.

The State counters that there is no statutory right to discovery in proceedings for the involuntary administration of psychotropic medication. However, the State concedes that the trial court does have inherent discretion to allow and regulate discovery in such proceedings. The State argues, however, that the trial court did not abuse its discretion in denying respondent's discovery request because: Dr. Eisaman was not a party as required by Supreme Court Rule 213 and was not an expert witness as required by Supreme Court Rule 220 (134 Ill. 2d R. 220), allowing discovery might delay the proceedings beyond the 30-day statutory time limit, and respondent had access to her mental health records at the institution where she was a patient and she would be able to cross-examine Dr. Eisaman sufficiently using those records.

■ We elect not to address the issue whether respondent had a statutory right to discovery because we find that, even in the absence of such a right, the trial court had inherent discretion to allow and regulate discovery in this proceeding and it abused that discretion in this case by denying respondent's discovery request. We further find that respondent was prejudiced by the denial of her discovery request and was denied a fair hearing on the petition for involuntary administration of psychotropic medication as a result. Accordingly, we reverse the order of the trial court authorizing the administration of that medication.

We wish to make it clear that we do not hold hereby that the civil discovery rules and the civil practice law do *not* apply to proceedings for the involuntary administration of psychotropic medication under the Code. We only assume, for purposes of our discussion herein, that they do not. As we stated, we find it unnecessary to decide that precise question because, even if those rules and statutes do not apply to this proceeding, reversal is required because the trial court abused its inherent discretion to allow and regulate discovery.

We begin by pointing out that nothing in the Code explicitly prohibits discovery in proceedings for the involuntary administration of psychotropic medication. Other than providing that, except to the extent provisions of the Code indicate to the contrary or are inconsistent, proceedings conducted pursuant to the Code shall be conducted in accordance with the Civil Practice Law (735 ILCS 5/2—101 *et seq.* (West 1992)), the Code is silent on the issue of discovery in proceedings thereunder. (405 ILCS 5/6—100 (West 1992).) It has been held that, unless a positive rule of law forbids a particular discovery, it should be granted. *Shaw v. Weisz* (1950), 339 Ill. App. 630, 644, 91 N.E.2d 81, 88.

Furthermore, unlike Supreme Court Rule 411, which limits discovery in criminal proceedings to those in which the defendant might be imprisoned in a penitentiary, there is no supreme court rule or legislative provision which limits discovery to only certain types of proceedings under the Code. See 134 Ill. 2d R. 411; *People v. Schmidt* (1974), 56 Ill. 2d 572, 309 N.E.2d 557.

In *People ex rel. Daley v. Fitzgerald* (1988), 123 Ill. 2d 175, 526 N.E.2d 131, it was held that neither the civil discovery rules nor the criminal discovery rules applied to proceedings under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1 through 122—8), as such proceedings were *sui generis.* Thus, discovery in post-conviction proceedings was neither authorized nor prohibited by supreme court rule or statute. Accordingly, our supreme court recognized that the trial court had inherent authority

to order reasonable discovery in such proceedings. The court held: "[I]n the absence of a rule of this court regarding discovery in post-conviction proceedings or a statute to the contrary, a trial judge, on application of a party, may authorize the taking of discovery depositions in post-conviction proceedings." *Fitzgerald*, 123 Ill. 2d at 183, 526 N.E.2d at 135.

In *People ex rel. Hanrahan v. Felt* (1971), 48 Ill. 2d 171, 175-76, 269 N.E.2d 1, 4, it was held that although the automatic application of civil discovery provisions to juvenile delinquency proceedings would be inappropriate, a trial court hearing such a proceeding has discretion to allow reasonable discovery.

Similarly, we find that a trial court hearing a proceeding for the involuntary administration of psychotropic medication under the Code has inherent authority to allow and regulate discovery, within the exercise of its sound discretion. We turn now to the question whether the trial court in the instant case abused that discretion in denying respondent's discovery request.

■ The Illinois Supreme Court, through its rules and case law, has expressed its preference for extensive disclosure through pretrial discovery. (See 134 Ill. 2d R. 201; *Wilson v. Norfolk & Western Ry. Co.* (1982), 109 Ill. App. 3d 79, 85, 440 N.E.2d 238, 244.) It is the purpose of pretrial discovery procedures to enhance the truth-seeking process, and the purposes of litigation are best served when each party knows as much about the controversy as is reasonably practicable. (*Drehle v. Fleming* (1970), 129 Ill. App. 2d 166, 171, 263 N.E.2d 348, 350-351, *aff'd* (1971), 49 Ill. 2d 293, 274 N.E.2d 53.) Thus, discovery is favored and should not be denied without just cause.

■ We note that the discovery request here consisted of a single interrogatory which was clearly drafted and not unduly burdensome, was timely filed and served, and was relevant and material to the issues in dispute. The State makes no claim that the interrogatory sought privileged information or that answering it would cause unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.

The State claims that the discovery request was properly denied because the individual to whom the interrogatory was directed, Dr. Eisaman, was not a party to the litigation, as required by Supreme Court Rule 213. That rule provides that a party may direct written interrogatories to any other party. (134 Ill. 2d R. 213.) It does not provide for the direction of interrogatories to nonparties.

The State correctly points out that the discovery rules are carefully drafted to distinguish between "parties" and other persons from whom discovery may be sought. (See *Neuswanger v. Ikegai America*

*Corp.* (1991), 221 Ill. App. 3d 280, 283, 582 N.E.2d 192, 194.) The State goes on to argue that although Dr. Eisaman executed and filed the petition seeking authority to administer psychotropic medication to respondent, he is not the real party in interest but is only a "nominal petitioner" and therefore he is not subject to discovery by written interrogatory.

In support of its argument, the State relies on two cases involving proceedings under the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 801—1 *et seq.* (now 705 ILCS 405/1—1 *et seq.* (West 1992)), *People ex rel. Davis v. Vazquez* (1982), 92 Ill. 2d 132, 441 N.E.2d 54, and *In re J.J.* (1991), 142 Ill. 2d 1, 566 N.E.2d 1345. In *Vazquez*, the court held that the filing of a petition under the Juvenile Court Act is not a matter within the exclusive executive discretion of the State's Attorney, but that any responsible adult can file such a petition. The court held that the person filing a petition is merely an agent of the court in bringing the facts of the case to the attention of the court. (*Vazquez*, 92 Ill. 2d at 150, 441 N.E.2d at 61.) In *J.J.*, the court recognized that once a petition for adjudication of wardship is filed, the State becomes the real party in interest. *J.J.*, 142 Ill. 2d at 6, 566 N.E.2d at 1348.

The State argues that the same is true in proceedings under the Code, which authorizes any person 18 years of age or older to file a petition for an order authorizing the involuntary administration of psychotropic medication. We do not agree. The cases relied upon by the State did not address the issue of to whom discovery may be directed, but they dealt with issues of separation of powers between the executive branch (the State's Attorney) and the juvenile court.

We think that in the instant case a written interrogatory was properly directed to Dr. Eisaman as the petitioner. It was Dr. Eisaman who was alleging that respondent lacked the capacity to make a reasoned decision about the medication, and presumably he had some factual basis for the allegation. Propounding the interrogatory to someone other than Dr. Eisaman would not have been appropriate or effective. In any event, the State does not contend that had the interrogatory been directed to the People of the State of Illinois, it would have answered the interrogatory, and we find no indication that the decision of the trial court would have been different had the interrogatory been directed to the People of the State of Illinois as the "real party in interest."

The State also asserts that the trial court did not abuse its discretion in denying respondent's discovery request because granting the request might have delayed the hearing beyond the 30-day time limitation of section 2—107.1 of the Code. However, the trial court

could have exercised its inherent authority not only to allow discovery, but to regulate it so that no delay resulted. The interrogatory was filed and served on petitioner on March 25, 1994, the same date on which the petition was filed. The motion to require petitioner to answer the interrogatory was also filed that same date. The interrogatory consisted of a single question which was not unduly burdensome. The State does not contend that it could not have answered the single interrogatory prior to expiration of the 30-day time limit, and the court certainly could have exercised its discretion to limit the time in which the interrogatory must be answered. Its failure to do so constitutes an abuse of that discretion.

Finally, the State argues that the court did not abuse its discretion in denying respondent's discovery request because respondent had access to her mental health records at the institution at which she was a patient and could adequately cross-examine Dr. Eisaman using those records. Access to her mental health records does not provide respondent with the information requested by the interrogatory. Respondent's request to know specifically what Dr. Eisaman relied on in reaching his conclusion that respondent lacked the capacity to make a reasoned decision about the medication is reasonable, and the trial court abused its discretion in denying that request.

Finally, we conclude that respondent was prejudiced by the denial of her discovery request. The information respondent sought was not available from any other source, and review of her medical records would not reveal what Dr. Eisaman relied on in reaching his conclusion. The information sought was highly relevant and material and went to a crucial issue in the case, perhaps the central issue in the case. Furthermore, Dr. Eisaman was the State's only witness at the hearing, and therefore his credibility was essential. Respondent was denied the possible opportunity to impeach Eisaman with his answer to the interrogatory.

For all these reasons, we conclude that respondent was denied a fair hearing on the petition for involuntary administration of psychotropic medication, as a result of the denial of her discovery request. Accordingly, we reverse the order of the circuit court of Union County authorizing the involuntary administration of psychotropic medication to respondent. In light of this disposition, we need not discuss the other issue raised by respondent, whether the State failed to prove by clear and convincing evidence the elements required for entry of an order authorizing the involuntary administration of psychotropic medication.

For the foregoing reasons, the order of the circuit court of Union County is reversed.

Reversed.

GOLDENHERSH and HOPKINS, JJ., concur.